UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

EDDIE D. MORANT,

               Petitioner,

        v.                                     Case No.  16-C-0846

UNITED STATES OF AMERICA,

               Respondent.

---

ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE (DOC. 1), DISMISSING CASE,
AND DENYING CERTIFICATE OF APPEALABILITY

      Eddie Morant has filed a motion under 28 U.S.C. § 2255 asserting that his conviction and sentence in this court were imposed in violation of the Constitution.  Morant was convicted of seven counts of firearms violations and bank robbery and was sentenced to thirty-two years of imprisonment.  Morant raises one ground:  that his 18 U.S.C. § 924(c) offense (for which he received eighty-four months of consecutive imprisonment) is invalid under *Johnson v. United States,* 135 S. Ct. 2551 (2015).

      The court ordered the government to respond to Morant's motion, which it did on February 21, 2017.  In the response, the government argues that notwithstanding *Johnson,* armed bank robbery remains a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).  On February 23, the court gave Morant a deadline of March 27 by which to file a reply, if any.  Morant did not file any reply by that date; and appears to concede the response's merits.

      In 2003, a jury found Morant guilty of seven counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (counts four through ten); one count of brandishing a firearm

in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (count twelve); and one count of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count thirteen). Morant seeks to vacate his conviction on count twelve, asserting that after *Johnson* there are no qualifying crimes of violence to support the § 924(c) conviction.

*Johnson* struck down the "residual clause" of the Armed Career Criminal Act, 28 U.S.C. § 924(e) (ACCA), as void for vagueness. The ACCA provides that a person convicted of certain firearm possession crimes and who has three previous convictions "for a violent felony or a serious drug offense, or both" be sentenced to not less than fifteen years. For purposes of subsection 924(e), "violent felony" means any crime punishable by imprisonment for more than one year that

> (I) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

§ 924(e)(2)(B) (emphasis added). The portion in italics is called the "residual clause."

Morant was convicted under § 924(c)(1)(A), which provides enhanced penalties for a defendant who "during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of ony such crime, possesses a firearm." For purposes of § 924(c), "crime of violence" means a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3).

2

Morant's motion is likely based on the similarity between § 924(c)'s "crime of violence" and *Johnson*'s "violent felony" from § 924(e). However, notwithstanding any similar language between the statutes, *Johnson* did not affect the first clause of § 924(e), known as the "elements clause." *See United States v. Armour,* 840 F.3d 904, 907–08 (7th Cir. 2016). In *Armour*, the Seventh Circuit found that, even after *Johnson*, armed bank robbery qualifies as a crime of violence under the elements clause of § 924(c)(3). 840 F.3d at 907–09. As such, the Seventh Circuit rejected any notion that *Johnson* altered whether armed bank robbery is a valid predicate for a § 924(c) conviction. *Id.*

Morant was convicted of armed bank robbery, which remains a valid predicate crime of violence for the 924(c) count under the elements clause. *Johnson* has no impact on his conviction or sentence. Therefore,

IT IS ORDERED that Morant's § 2255 motion is denied and this case is dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In light of *Armour*, reasonable jurists would *not* find the ruling in this case to be debatable or deem Morant's claim worthy of further encouragement.

3

Dated at Milwaukee, Wisconsin, this 29th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. DISTRICT JUDGE

4